Reversed and Remanded and Majority and Concurring Opinions filed May 17,
2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01076-CV

___________________

 

Andy Gray, Appellant

 

V.

 

Entis Mechanical Services, L.L.C.,
Appellee



 



 

On
Appeal from the 61st District Court

Harris County,
Texas



Trial Court Cause No. 2009-24874

 



 

 

CONCURRING OPINION

Appellee
Entis Mechanical Services, L.L.C. is not entitled to summary judgment on its
fraudulent-lien claim against appellant Andy Gray because the summary-judgment
evidence does not conclusively prove that Gray intended to cause Entis
financial injury.  But in making this determination, the majority relies upon a
conclusion that is unnecessary and inaccurate.

Entis
filed suit against Gray asserting a claim under section 12.002 of the Texas
Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 12.002(a) (West Supp. 2010).  To
recover on this claim, Entis had to prove, among other things, that Gray made,
presented, or used a document or other record with “intent to cause [Entis] to
suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or
emotional distress.”  Id. § 12.002(a)(3).  Though not mentioned in the
majority opinion, Entis did not allege in its petition or summary-judgment
motion that Gray intended to cause Entis physical injury, mental anguish, or
emotional distress.  Because Entis limited its statutory claim to only one of
the three possibilities in section 12.002(a)(3), this court need not consider
or analyze the other two.  See id.  

            Nonetheless, the trial court erred in granting
summary judgment because the summary-judgment evidence does not conclusively
prove that Gray intended to cause Entis financial injury.  The summary-judgment
evidence contains an affidavit from Jason Bice, an Entis manager.  Bice states
that Gray filed the lien in question and four other liens relating to projects
in which Gray allegedly worked for Entis.  Bice states that Gray refused to
cash checks sent by Entis on April 1, 2009, in payment of all outstanding
amounts for four of the projects.  Bice states that Gray did not work for Entis
on the other project and that Entis was not involved in that project.  Speaking
of the five liens filed by Gray, Bice states in his affidavit that “[n]one
of these liens have not been released.” (emphasis added).  The majority
concludes that this court need not consider the meaning of this double negative
because Gray “admits he has not released the lien on the Tomball Property.” Ante
at p. 6, n.2.  This conclusion is inaccurate.  A review of the clerk’s record
and Gray’s appellate brief shows that Gray has not made such an admission, and
there was no oral argument in this appeal.  This conclusion is also
unnecessary.  Even if the double negative in Bice’s affidavit means that none
of the five liens filed by Gray had been released, this affidavit would not
constitute conclusive proof of an intent by Gray to cause Entis financial
injury. 

For
the foregoing reasons, I do not join the majority opinion, but I respectfully
concur in the court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown. (Anderson, J., majority).